Mr. Chief Justice Bingham
delivered the opinion of the Court:
A petition has been filed for a rule against the defendant to show cause why he should not pa,y over certain moneys *571 alleged to have been collected by him for the plaintiff and deliver up certain notes alleged to have been procured by him for the plaintiff.
' The petition shows that a certain debt was due to the plaintiff, and that such services were rendered by the defendant as that he collected a portion of the money and obtained two promissory notes for the remainder. It is. claimed that he has refused to deliver up the notes and pay over the money. It is further shown that the plaintiff has-filed a bill in the Equity Court, in which he has set forth more at large his cause of action against the defendant and also shows that the defendant in the Equity Court has answered the bill which has been filed against him. That the plaintiff in the Equity Court applied for a 'rule against the defendant to show cause why he should not be summarily ordered to pay this money over to the plaintiff; that the defendant appeared and a hearing was had on that motion, and the motion for such a rule was overruled, and so far as that matter is concerned the defendant discharged.
Now, the plaintiff files this petition here in which he makes the entire papers and proceedings in the Equity Court a part of his petition as an exhibit and he asks here now, while the cause is pending in the Equity Court, for an order to show cause why Bigelow should not be required summarily to pay this money over to him.
Plaintiff has filed with us a brief in which he cites some-English authorities and some New 'York cases which go to-show that courts in England and in New York have exercised a jurisdiction such as we are now requested to assume. We do not deem it necessary to determine whether or not such jurisdiction could be well said to be vested in thecourcs here, but we are informed it has never 'been exercised.
It is a different jurisdiction from that which the court assumes over the conduct of attorneys who are members of the bar, when a motion is made to disbar them, and must be distinguished from|it.
*572 This is a motion for a summary order to compel the defendant, who is a practicing attorney, to pay over money which he has collected and deliver up notes which he has obtained in his professional capacity as attorney for the plaintiff. It seems that where courts have elsewhere assumed the jurisdiction in question, that it is a discretionary matter with the court to a certain extent, and that whenever the question presented is one which ought to be determined by the judgment of the court, in a cause regularly brought in a court with proper jurisdiction, the court will refuse to entertain this summary proceeding, bnt will remand the party to his remedy by action.
The plaintiff has commenced an action in the Equity Court, but whether or not that is a proper action, whether his bill sets forth there such a cause of action that the Equity Court will entertain jurisdiction is not for'us to say here. He has, however, commenced a cause there, which is now pending; an answer has been filed to the bill and the parties are apparently ready for a hearing upon the issue made between them, and we see no reason why we •should interfere here by the summary mode indicated by the motion before us and thereby prevent the parties from having a regular hearing upon the issues made in the Equity Court.
It may, perhaps, properly enough be said that the defendant by his answer states that he has collected the money and has taken the notes as set forth in the petition; that he has always been ready, and is now ready and willing to deliver the notes to the plaintiff, or to any person whom he is satisfied has authority to take them for the plaintiff, and that as to the money he collected, he claims that and more as his compensation for services rendered for the plaintiff in the case, but is willing to submit to the judgment of the court or to a jury as to whether or not .his charge against the plaintiff is a proper and just one.

The motion will be overruled.